**Lawrence Donald LEITNER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 6932.**

United States Court of Appeals
Fourth Circuit.

Argued April 13, 1955.

Decided May 12, 1955.

Sidney D. Duncan, Columbia, S. C. (Muller O. J. Kreps, III, Columbia, S. C., on the brief), for appellant.

Irvine F. Belser, Jr., Asst. U. S. Atty., Columbia, S. C. (N. Welch Morrisette, Jr., U. S. Atty., Columbia, S. C., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from a conviction and sentence for refusal to be inducted into the military service of the United States in violation of the provisions of the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 451 et seq. On waiver of jury trial the case was heard by the judge below without a jury; and, as appellant admitted the refusal to be inducted, the only ques-

tion before the court was the validity of classification order of the draft board. Appellant, who was a carpenter by trade, claimed to be a minister of religion of the sect known as Jehovah's Witnesses and to have become a minister of that sect when he was nine years of age. There was evidence before the board, however, to the effect that he worked as a carpenter 45 hours a week and devoted only 15 hours a month to religious work. There was evidence also that appellant's brother was the "company servant" or "presiding minister" of the company of Jehovah's Witnesses of which appellant was a member and that appellant was merely a "territory servant" and "Bible study servant". The facts are fully set forth in the "Memorandum of Facts and Authorities" filed by the trial judge and nothing need be added thereto. For reasons therein adequately stated, we agree with the trial judge that the order of the board denying appellant the classification of a minister of religion may not be condemned as arbitrary or unreasonable, or as lacking support in the record, or as denying appellant procedural or other rights.

Appellant complains because the local board did not make an adequate and full memorandum of oral evidence given at the time of his personal appearance and because it filed with the record before the Appeals Board a letter setting forth its reasons for denying him the classification which he asked. Section 1624.2 of the regulations provides, however, for the registrant himself to make the summary of the oral information which he presents to the board; and for the local board to file with the record before the Appeals Board a letter setting forth the reasons for its action can be no more objectionable than for a trial court to file an opinion setting forth the reasons for its action in a case that is appealed. The letter introduces no facts into the record, but merely gives the reason for the board's action on the basis of facts otherwise appearing.

Affirmed.